IN THE UNITED STATES DISTRICT COURT
FOR THE ~~SOUTHERN~~ Central DISTRICT OF ILLINOIS

FILED
JUL 2 8 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

)
Keven L. Carter ) Docket No. 08-3163
_____ ) (To be supplied by the Clerk)
_____ )
_____ )
          Plaintiff/Petitioner(s), )
) [X] **CIVIL RIGHTS COMPLAINT**
) pursuant to 42 U.S.C. §1983
) (State Prisoner)
       -vs- )
) [ ] **CIVIL RIGHTS COMPLAINT**
Sangamon County ) pursuant to 28 U.S.C. §1331
_____ ) (Federal Prisoner)
Anthony P. Libri, Jr. )
_____ )
Clerk of the Circuit Court ) [ ] **CIVIL COMPLAINT**
of Sangamon County. ) pursuant to the Federal Tort Claims
_____ ) Act, 28 U.S.C. §1346, 2671-2680
          Defendant/Respondent(s). )

**I.   JURISDICTION**

A.  Plaintiff's mailing address and/or register number and present place of confinement.
Keven Carter #R25659 Menard Correctional
Center P.O. Box 711 Menard, IL 62259

B.  Defendant Sangamon County is employed as
           (Name of First Defendant)
Employer
           (Position/Title)
with Sangamon County 200 South 9th street
           (Employer's Name and Address)
Springfield, IL. 62705

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

        Yes [X]         No ( )

If your answer is "yes", briefly explain:
(Local) County Sangamon

Rev. 2/00

C. Defendant __Anthony Libri, JR.__ is employed as
(Name of Second Defendant)
__Clerk of the Circuit Court of Sangamon County__
(Position/Title)
with __200 So. 9th Street @ Springfield IL 62705__
(Employer's Name and Address)

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes (X)   No ( )

If your answer is "yes", briefly explain:
__Employed by Sangamon County__

D. Using the outline of the form provided, include the above information for any additional defendant(s).
__None__

## II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court relating to your imprisonment?

Yes (X)   No ( )

B. If your answer to "A" is "yes", describe the lawsuit(s) in the space below. (If there is more than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.) **Failure to comply with this provision may result in summary denial of your complaint.**

"Improper retaliation claim; Deliberate indiff. to his medical or health; Failure to Protect; Cruel & unusual Punishment; 1st Amend. Religion claim; Failure to Protect inmate from another - Denied Protective Custody

1. Parties to previous lawsuits:
   Plaintiff(s) Keven Carter

   Defendant(s) Erika Howard; Roger E. Walker, Jr; Douglas Cravens; and James Allen.

2. Court (if Federal Court, name the District; if State Court, name the County)
   U.S. Dist. Court Central Dist. of IL - Peoria

3. Docket number 04C-1157

4. Name of Judge to whom case was assigned Harold Baker

5. Type of case (for example: Was it a Habeas Corpus or Civil Rights action?)
   Civil rights

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?)
   Summary Judgment Appeal Dismissed

7. Approximate date of filing lawsuit May 2004

8. Approximate date of disposition July 2008

## III. GRIEVANCE PROCEDURE

A. Is there a prisoner grievance procedure in the institution? Yes

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?
   Yes ( ) No (X)

C. If your answer is "yes",
   1. What steps did you take? N/A

   2. What was the result? N/A

D. If your answer is "no", explain why not. Because I am in IDOC custody which doesn't hear grievance regarding Sangamon County - only IDOC grievances.

E. If there is no prisoner grievance procedure in the institution, did you complaint to prison authorities? Yes ( )   No ( )   N/A

F. If your answer is "yes",
1. What steps did you take? N/A

2. What was the result? N/A

G. If your answer is "no", explain why not. Not applicable

H. Attach copies of your request for an administrative remedy and the response(s) you received. If you cannot do so, explain why not: Because IDOC Doesn't hear grievances from Sangamon County. I Did give Notice of intent to file Lawsuit in April 2008 for violating clearly established const. right- 1st Amendment.

## IV. STATEMENT OF CLAIM

State here, as briefly as possible, the FACTS of your case. State who, what, when, where and how you feel your constitutional rights were violated. Do not cite cases or statutes. If you choose to submit legal arguments or citations, you must do so in a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, <u>attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits.</u>

<u>Only two (2) extra pages (8½ x 11") are permitted, if necessary, to complete your statement of claim.</u> Additionally, attach any relevant, supporting documentation.

(1) In June 2007, the Plaintiff filed an Mandamus Petition in Sangamon County- (2) 07-MR-326 + 07-MR-328. Petition for good time credit lost 7 months he lost in prison Disciplinary in IDOC. (2) Both petitions were sua sponte dismissed in July 2007 for failure to state a claim and the court lack jurisdiction of them. (2) That he filed an timely motion for reconsideration of both petitions on or about August 2, 2007 that argued the IDOC performs their official Duties in Sangamon County which gives Jurisdiction to Sangamon County to hear those petitions. Also he argued that mandamus Petition is the correct state Appeal procedure for good time credits lost

grievances and the Court had Jurisdiction and he stated a claim under Mandamus Act. (4) That from August 2, 2007 thru May 2008, he demanded an final Judgment of his motion for reconsiderations as of July 2, 2008 No Final Judgment. (5) That in May 2008 he filed (a) Notice of Appeal No. 07-MR-326 and 07-MR-328 with another request for Final order of his Aug. 2, 2007 motions for Reconsiderations. He never received an answer to his Demand. However he received Notice from the Appellate Court for fourth Dist. No. 4-08-0354 and Appeal of 07MR-326 which dismissed said appeal for lack of Jurisdiction since no final Ruling was made and Notice of Appeal is premature or untimely Made. Date May 15, 2008. No response regarding Notice of Appeal in 07-MR-328 which was filed April 29, 2008. (6) That the Defendants (both) are violating an clearly established Right to Access the Courts to grieve his good-time loss which causes him to stay in Prison Longer. (7) Also both Defendants are impeding his rights under Supreme Court Rules (Ill.) 303(a)(1) and 315 (b)(2) to bring his petition to Illinois Supreme Court - the Highest Level of appellate review So he can seek Federal Habeas Corpus review. Both Defendants are being sued in their Individual Capacity which doesn't entitle them to Qualified Immunity. (8) Clearly established Constitutional Right of the 1st Amendment to the U.S. Constitutional where he has right to Petition the Courts to redress his grievance without unnecessary delay. 1 year later No final Ruling of his motions for reconsiderations and he can't exhaust his remedies (State) So he can seek Federal Review through Habeas Corpus Petition. (8) That defendant Libri is responsible of filing Court papers & bringing them to the Court attention. He failed to do between August 2007 to July 2008 So his motions for by this plaintiff were intentionally ignored which deprived the plaintiff access to Sangamon County Court to petition them for mandamus relief where they had jurisdiction and plaintiff state a claim. (9) Sangamon County is responsible violating plaintiff 1st Amend. Right to access the Court by allowing such practice of ignoring Documents that are not properly filed by Clerk of Sangamon County where the Court fails to address the Documents who seeks relief.

## V. REQUEST FOR RELIEF

State exactly what you want the Court to do for you. If you are a state or federal prisoner, and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records or parole release), you must file your claim on a Habeas Corpus form, pursuant to 28 U.S.C. §2254, 28 U.S.C. §2255, or 28 U.S.C. §2241.

For an Declaritive or Injuctive relief by order Defendants to make an Final Ruling on his Aug 2, 2007 Motions for Reconsiderations so he can seek Review by Illinois Supreme Court under Illinois Supreme Court Rules 303(a)(1) and 315(b)(2) to exhaust his State Remedies and be Able to Seek Federal Review. Any other relief the Court feels is Just and equitable. ($2,500 for Mental Anguish which he still suffers due to Defendant Conduct which caused him to spend more time in prison.

## VI. JURY DEMAND (check one box below)

The plaintiff does [X]   does not [ ]   request a trial by jury. (See Fed.R.Civ.P. 38.)

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned, certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

The plaintiff hereby requests the Court issue all appropriate service and/or notices to the defendant(s).

Signed this 16th day of July, 2008.

_Keven L. Carter_
Signature of Plaintiff

_____
Signature of attorney, if any

1. Parties to Previous Lawsuits

    Plaintiff - Keven Carter

    Defendants: Winnebago County; Richard Meyers, Sheriff; Major E. Houi, Jail Supt.; and C/O Pilcher "Red";

2. Court: U.S. Dist. For Northern Dist of IL - Western Division.

3. Docket Number: 04C50312

4. Judge: Philip Reinhard

5. Type: Civil rights

6. Disposition: Summary Judgment for Defend. Appeal Affirmed July 2007

7. Filing Date: July 2004

8. Disposition: Summary December 2005

1. Parties:

    Plaintiff: Keven Carter

    Defendants: Winnebago County, Richard Meyers Sheriff, Major E. Houi, Jail Supt, and Sgt. Robin Watson

2. Court: U.S. Dist. Court for Northern Dist. of Ill. - Western Division

3. Docket: 04 C 50459

4. Judge: Philip Reinhard

5. Type: Civil rights

6. Disposition: Summary Judgment to Defend. Aug. 2007. Appeal still pending in Court of Appeals for 7th Cir. Cuid.

7. Filing Date: October 2004

8. Disposition: Appeal No. 07-3312 is still Pending in 7th Circuit. ~~Certificate~~ K.C.

1. Parties:
   Plaintiff: Keven Carter
   Defendant: Donald Hulick, Warden

2. Court: U.S. District Court Northern Dist. of Ill. - Western Division.

3. Docket No. 05-C-50060

4. Judge: Philip Reinhard

5. Type: Habeas Corpus

6. Disposition: Petition Dismissed Certificate of Appealability Denied by both Courts 6/30/08



7. Filing Date: March 2005

8. Deposition Date: 6/30/08 - Writ of Cert. Pending.

1. Parties
   Plaintiff: Keven Carter
   Defendants: State of Illinois, Winnebago County, Det. Rocko Wagner

2. Court: U.S. Dist. Court for Northern Dist. of Illinois - Eastern Division

3. Docket: 05C4231

4. Judge: Marvin Aspen

5. Type: Civil Rights

6. Disposition: Dismissed 8/05 for failure to state claim - "Frivolous"

7. Filing Date: July 2005

8. Disposition: Filed Appeal to 7th Circuit Denied April 2006 by 7th Circuit Counted as "Strike"

1. Parties:
    Plaintiff: Keven Carter
    Defendants: Roger E Walker Jr., Alan Uchtman, Rachel Nutter, Roy Grathler, and Scott Montros

2. Court: U.S. Dist. Court for Southern Dist. of IL - East St. Louis Division

3. Docket: 06-450-WDS

4. Judge: William Steihl

5. Type: Civil rights

6. Disposition: Was allowed to proceed on Improper Retaliation claim only, Still Pending

7. Filing Date: June 9, 2006

8. Approx. Date Disp. - Still Pending Discovery Cut off July 15, 2008

1. Parties:
    Plaintiff: Keven Carter
    Defendants: Roger E Walker, Jr.; Alan Uchtman, and Rodny Sadler.

2. Court: US Dist. Court for Central Dist. of IL - Peoria

3. Docket No: 07-1212

4. Name of Judge: Harold Baker

5. Type: Civil rights

6. Disposition: Still in Discovery – Allowed to Proceed on delib. Indif. claim ONLY.

7. Approx. Date of filing: ?

8. Approx. Date Disp. – Case is still Pending

1. Parties:

   Plaintiff: Keven L. Carter

   Defendants: Roger E. Walker, Jr., Donald Hulick Warden, Kim Butler, Sherry Benton, and Unknown Corrections Officer, Internal Affairs

2. Court: U.S. Dist. Court of Central Dist. of IL, Springfield Division

3. Docket No. 08-CV-03143-HAB-CHE

4. Name of Judge: Harold Baker

5. Type: Civil Civil Rights

6. DISPOSITION: Just filed 6/30/08 Waiting for Decision to Proceed As Poor Person Responses due 7/17/08

7. Filing Date: June 30, 2008

8. Disposition Date: Case is still Pending

1. Parties:

   Plaintiff: Keven Carter
   Petitioner:

   Respondent: Donald Hulick

2. Court: Perry County, IL. 20th Judicial Circuit — transferred to Randolph County, IL. Aug. 2007. Currently: Appellate Court of IL — Fifth Dist.

3. Docket Number: 5-7-0362   Case No. 07-MR-6

4. Judge: Ronald A. Brown

5. Type: State Habeas Corpus Petition

6. Disposition: Petition Dismissed, Timely Appeal was filed — Appeal still Pending

7. Filing Date: March 2007

8. Disposition: Still Pending

4. Case Name: "Carter v. Hulick" Number: 05C50060

Court: U.S. Dist. North Dist. of IL. Date filed: March 2005
Western Division

Claims raised: Ineffective Counsel, Coerced Confession (not voluntarily)

Result: Petition Denied, Certificate of Appealability Denied in Dist Court + U.S. Court of Appeals - 7th Cir, Petition for Writ of Cert Pending.

5. Case Name: "Carter vs. State of IL" Case: 05C 4231

Court: U.S. Dist. for Northern Dist of IL - Eastern Division Date filed: July 2005

Claims raised: Arrest Conviction was Illegal

Result: Dismissed for Failure to State Claim "Frivolous"

6. Case Name: "Carter v. Roger E. Walker, Jr. Case No. 06-458 WDS

Court: U.S. Dist. for Southern Dist. of IL - East St. Louis Date Filed: June 9, 2006

Claims raised: Was allowed to Proceed on Improper Retaliation claim only

Result: Still Pending - Discovery

7. Case Name: "Carter v. Roger E Walker, Jr, et al.," Case Number: 07-1212
   Court: U.S. Dist. Ct. of Central IL., Peoria      Date filed: ?

   Claims raised: Deliberate Indiff. to Plaintiff's Health

   Result: Still Pending in Discovery

8. Case Name: "Carter v. Walker"  Case No. 08 CV 03143-HAB
   Court: U.S. District Court for Cent. Dist. Of Ill. - Springfield     Date filed: June 30, 2008

   Claims raised: Deliberate Indiff under the Eighth Amend.

   Result: Still Pending merit Review

9. Court: Perry County, IL - transferred to Randolph County - Currently Appellate Court 5th Dist.    Case Number: 07-MR-6    Appeal 5-T-0362

   Case Name: "Carter v. Hulick"    Date filed: March 2007

   Claims raised: Illegal Imprisonment convicto based on Coerced Confession.

   Result: Still Pending review Appellate court

IN THE UNITED STATES DISTRICT COURT
FOR THE Central DISTRICT OF ILLINOIS

Keven L. Carter,
  Plaintiff,

v.

Sangamon County,
Anthony P. Libri, Jr., Clerk
of the Circuit Court of
Sangamon County,
  Defendants.

No. _____
(To be supplied by Clerk)

The Honorable
_____,
Judge Presiding.

## NOTICE OF FILING

TO: United States District Court
Central District of Illinois
600 E. Monroe St. - Room 151
Springfield, IL. 62701

PLEASE TAKE NOTICE that on or before the 22nd day of July, 2008 I shall file with the Clerk of the U.S. District Court For The Central District of Illinois, the attached Plaintiff's 42 U.S.C. § 1983 "Civil Complaint" against Sangamon County a copy of which is hereby served upon you.

BY: Keven L. Carter
Register Number R25659
Post Office Box 711
Menard, IL. 62259

## CERTIFICATE OF SERVICE

I, Keven L. Carter, being duly sworn aver that I have served copies of the foregoing to the person named above by placing such copies in the U.S. Mailbox at Menard Correctional Center on the 22nd day of July, 2008; postage prepaid. UNDER THE PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT.

Keven L. Carter
Affiant